Summers, J.
The question to be determined is whether territory already comprised in a special school district may be included in another special school district.
The civil township is the basis of our school system. Land in each township was donated by the national government to the inhabitants of such township for the use of schools. For surveying the Northwest Territory congress adopted a new system of surveying. This system may be briefly described as the rectangular system. The territory was surveyed into townships six miles square. Each township was divided into thirty-six sections one mile square, and, under the system of numbering, section sixteen was as nearly as any other in the center of the township.
By section 7 of the act of 1802, which authorized the people of the eastern division of the Northwest Territory to form a constitution and a state government, congress proposed that section 16 in every township “shall be granted to the inhabitants of such township for the use of schools. ’ ’ The proposition was accepted by a resolution passed November 29, 1802, by the constitutional convention, on condition that a like donation, amounting to about one *540 thirty-sixth of the territory, be made in those parts of the state not surveyed, and this condition was complied with by an act of congress in 1803. And in that year the legislature provided for the leasing of the same in order that the proceeds arising therefrom might be applied to the support of the schools. By an act passed in 1806 the commissioners, as soon as there were twenty electors in any original surveyed township, or part or fractional township, upon application of the electors, were required to fix the time and place for the election of trustees, who were empowered to lay off the township into proper divisions for the purpose of establishing schools therein. These districts were subdistricts. Subsequently joint subdistricts and city and village districts were provided for, and our system of common schools comprised township schools and city or village schools. The township was or might be divided into districts, and the city or village district might include territory outside of the corporate limits of the city or village. Whether or not this donation by the national government originated or made necessary á system in which the civil township is the basis, it is not necessary to determine. The civil township and the original surveyed township are not always identical. The important thing is the fact that only territory forming part of the township school district was taken in creating other districts.
Special districts were established by vote of the people under legislative authority or by special legislation, and were governed by the provisions of the act under which they were created. But prior to the act of 1873 (70 O. L., 195), special school districts were not recognized as a part of the common school system. By that act they were included as a part *541 of that system, hut it was not until the revision of the statutes in 1880 that provision was made for the establishment of such schools. Then section 3891 provided that: “Such districts may be established as provided in chapter five of this title.” Chapter five provided for the establishment of joint sub-districts, and that a joint subdistrict composed of parts of two or more townships might be established by the mutual agreement of the boards of education of the townships interested. Also that they might be so formed on petition of three or more qualified electors residents of the territory sought to be included therein, and that in the event such boards failed to do so within sixty days, three or more of such electors might file a petition therefor with the probate judge of the county, and it is made his duty to appoint three judicious, disinterested men of the county, not residents of either of the townships to be affected, to be commissioners, who were to meet at a time and place fixed by the probate judge, notice of which was to be given as therein provided, and there hear witnesses and consider and determine the question whether a joint subdistrict ought to be established. And if they reported in favor of the establishment of a joint subdistrict, it was the duty of the judge to make an entry confirming the same. It is apparent that it was the intention of the legislature that only territory in township districts not already forming a part of a city or village or special school district should be taken to form a joint sub-district. Territory included in a city or village or special school district was regarded as already preempted and not subject to be taken. And so far as we are advised it never occurred to any one that any part of such territory was subject to be taken, and *542 when the legislature provided in section 3946 that a petition might in like manner be filed praying for the creation of a special school district, it contemplated its creation from like territory. And in section 3928 of the Revised Statutes, as enacted in the so-called Harrison school code (97 O. L., 334, 345) the same thing was contemplated. It is as follows:
“A special school district may be formed of any contiguous territory, not included within the limits of an incorporated city or village, which has a total tax valuation of not less than one hundred thousand dollars. To establish a special school district, a petition signed by not less than ten male citizens who are electors of the proposed special district shall be filed in the office of the probate judge of the county in which such special district is situated, or if said district is situated in two or more counties, then with the probate judge of the county having the greatest total tax valuation in said proposed district; said petition shall set forth the' desires of the petitioners, shall contain a description of the territory to be included in the proposed special district, and shall be accompanied by a statement giving the total tax valuation of said territory certified to by the county auditor or auditors and also an accurate map of the territory to be included in said district, the same to be prepared to the satisfaction of the probate judge; said petition shall also be accompanied by an undertaking of one or more of the petitioners, with security to the satisfaction of the judge, in the sum of one hundred dollars, conditioned that the parties entering into the undertaking shall pay all the costs of the proceedings if a special school district is not created, and in sueb case the probate judge shall render judgment against "the *543 parties to the undertaking for all the costs of the proceedings. In case the petition is granted the costs shall be taxed against the special school district thereby authorized and shall be paid by the board of education of said special school district, thereafter elected, from any funds that may come into its possession. A remonstrance signed by one or more of the male citizens who are electors of the proposed district may be filed with the probate judge and shall be considered on the hearing of the petition.”
The section then provides that nothing therein contained shall be construed to abolish any special school district then in existence. Section 3929 of the Revised Statutes, as enacted in said code, is as follows:
“Upon the filing of a petition in the probate court for the establishment of a special school district, the judge thereof shall fix a time for the hearing of the same, which shall be within sixty days of the filing thereof; he shall thereupon cause to be published for four consecutive weeks, in two newspapers of opposite politics, printed and of general circulation in the county where the petition is' filed, notice of the filing of such petition and the time of the hearing thereon; such notices shall also be mailed to the clerk or clerks of the board or boards of education having territory in the proposed special school district. The probate judge is authorized to hear and determine the question of the establishment of such special school district, may subpoena and examine witnesses under oath, may change the boundaries of the proposed special school district, shall fix and determine the amount of money due and payable to said special district1 from the surplus money in the treas *544 ury or in process of collection in the district or districts from which it was formed, or in case of the indebtedness of snch district or districts, he shall determine the amount of money due and payable by the special school district to the district or districts from which it was formed, and in either case the amount so ‘found due shall be [a] valid and binding obligation upon the board of education of such district or districts. The fees in cases involving the establishment of special school districts shall be the same as in civil cases, and the jurisdiction of the probate court in such cases shall be exclusive. ’ ’
The contention of defendants .in error is that section 3928 in express terms provides that a special school district may be formed of any contiguous territory, which has a total tax valuation of not less than one hundred thousand dollars, and is not included within the limits of an incorporated city or village, and that, as the act in terms exempts territory included within the limits of any incorporated city or village, any constructive exemption is precluded. But sections 3894, 3895 and 3935 are in pari materia with section 3928. Section 3894 provides that a part, or the whole, of any school district may be transferred to an adjoining school district by the mutual consent of the boards of education having control of such districts. Section 3895 provides that if the boards of education interested in the transfer of territory from one district to another fail or refuse to transfer territory by mutual consent, as provided for in section 3894, within sixty days after a petition therefor, signed by not less than one-half of the qualified male citizens who are electors residing in the territory sought to be transferred, is filed with the clerks of the boards, the petitioners may file a *545 copy in the prohate court of the county in which such territory is situated, or if the territory he in two or more counties, in the probate court of the county containing the largest proportionate share of the territory to be transferred. And the probate judge is authorized to hear and determine the case, and give final judgment for or against such transfer. Section 3896 makes provision for a division of funds and indebtedness when territory is transferred or annexed, and section 3935 provides for abandonment or continuance of a special district. It specifies when and how the question shall be submitted to an election by the board of education of the district, and provides: “If more votes are cast for abandonment than against it, or against continuance than for it, said boards shall certify the result to the board or boards of education of the township or townships having territory in said special district and the territory of said special district shall thereby revert to the township school district or districts from which it was originally taken, except as hereinafter provided for in the case of indebtedness of the special district. Otherwise said district shall continue to be and remain and be recognized and regarded as a legal special school district as theretofore constitutedThat is to say, unless more votes are cast for abandonment than against it, or against continuance than for it, the district shall remain a special school district as theretofore constituted. These sections specify how a special school district may be discontinued and how territory may be transferred from it to another district, and by implication cover all the changes within the contemplation of the legislature. So that territory in a special school district is not open to be *546 taken in whole or in part to form a new special school district.
If part of one district may be embraced in another, then part of the latter may be taken for another, and so on as long as other provisions of the statutes may be complied with, and with such consequences as make it unreasonable to assume that such a possibility was within the contemplation of the legislature.
The expediency of establishing the Adams Mills special school district and the alleged injustice of it to the remainder of Virginia township, are not questions for our consideration. The probate judge is authorized to hear and determine the question of the establishment of the district, and his- jurisdiction is made exclusive. If the results are not in but against the interests of the school system the remedy is with the legislature.
The judgments of the circuit court, of the court of common pleas, and of the probate court, are reversed.

Reversed.

Davis, C. J., Shatjck, Price and Spear, JJ., concur.